UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:25-cv-11868 |
| v. | ) |
| | ) |
| | ) Judge: |
| **ANA INVESTMENT GROUP, LLC**, | ) |
| A Michigan limited liability company. | ) |
| | ) |
| Defendant. | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Ana Investment Group, LLC, a Michigan limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

1

1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Ana Investment Group, LLC operates and owns a shopping center located at 103-107 Cabelas Blvd E, Dundee, MI 48131 in Monroe County. Plaintiff has patronized Defendant's shopping center and the

businesses therein previously as a place of public accommodation.

6. The shopping plaza owned and operated by the Defendant was originally built by the Defendant (or its predecessor in interest) commencing in 2001 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed facilities. Full compliance with the implementing regulations of the ADA is required for this shopping center unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facilities owned and operated by Ana Investment Group, LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a shopping center and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to,

3

standing and walking, as defined by the ADA and its regulations thereto.

9. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in Southeast Michigan and travels US 23 through Dundee multiple times a month . Leland Foster travels to the area to participate in adaptive sporting, has friends in the area whom he socializes with regularly, and frequents many establishments in the Monroe County region and has been a customer at the property that forms the basis of this lawsuit.

10. On January 24, 2025, and on previous occasions, Plaintiff patronized the Defendant's property and the businesses therein and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of

business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping center, including its businesses therein, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

Parking and Accessible Routes

   A. There are no accessible routes from public transportation stops and the public right-of-way to the facility entrances they serve, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

B.  Designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and Section 502.3 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C.  There are cracks and changes in level on the designated accessible parking surfaces, in violation of the ADA section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D.  The accessible route from the designated accessible parking to the entrances has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and Section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

E.  There is no accessible route from the designated accessible parking to the retail entrances due to a ramp with cracks and changes in level in excess of ½ inch, in violation of the ADA and Section 406 of the 2010 Standards and 1991 ADAAG Section 4.7.4, whose remedy is strictly required or, at minimum, readily achievable.

F.  Designated accessible parking spaces entirely lack access aisles, in violation of the ADA Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is readily achievable.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

G.  Designated accessible parking spaces lack required signage, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Social House Restrooms

H.  Signage on the restrooms lacks the international symbol of accessibility, is located in excess of required height and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

I. The men's restroom urinal is inaccessible to wheelchair users due to lack of clear floor space to approach, in violation of the ADA and section 605.2 of the 2010 Standards and 1991 ADAAG section 4.18.2, whose remedy is strictly required or, at minimum, readily achievable.

J. The men's restroom toilet compartment lacks required clear floor space around the water closet due to an inward swinging compartment door, in violation of the ADA and section 604.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

K. The men's restroom toilet compartment door lacks door pulls on both sides, requires tight grasping or twisting to operate, and does not automatically close, in violation of the ADA and section 604.8.1.2 of the 2010 Standards and 1991 ADAAG section 4.17.5, whose remedy is strictly required or, at minimum, readily achievable.

L. The men's restroom toilet paper dispenser is not located 7 to 9 inches in front of the rim of the toilet and also it placement inches above the side grab bar impairs its use in violation of the ADA and Sections 308.2 and 609.3 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

M. The men's restroom mirror is located above 40 inches from the finish floor to the reflective surface in violation of the ADA and Section 603.3 of the 2010 Standards and 1991 ADAAG Section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

N. The men's restroom lavatory lacks required clear floor space to approach due to a partition and a fan, in violation of the ADA and Section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

O. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

Social House Access to Goods and Services

    P. The bar does not have a lowered sitting or standing dining surface or service transaction counter portion for use by customers who use wheelchairs, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 5.2, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

    Q. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

    R. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center at issue, as owned and operated by Ana Investment Group, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant Ana Investment Group, LLC operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant has committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed and maintained without regard to the ability of patrons with mobility impairment, such as Mr. Foster specifically, to use safely park at and enter the businesses and use the restrooms at some tenant spaces therein.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com